IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN FENNELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS, and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:23-cv-2125 |

## NOTICE OF REMOVAL

Defendants SAFECO INSURANCE COMPANY OF ILLINOIS ("Safeco") and LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual" and together with Safeco, "Defendants" or "Liberty") hereby give notice of the removal of this action from the Cuyahoga County Court of Common Pleas to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §§ 1441, 1446 and 1453. This Notice is based upon the original jurisdiction of this Court over the parties under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[1] In support of this Notice of Removal, Defendants state as follows:

**I. BACKGROUND**

1. On September 22, 2023, Plaintiff BRIAN FENNELL ("Fennell") filed his Complaint against Defendants in the Cuyahoga County Court of Common Pleas, bearing the

---

[1] By removing this case, Defendants do not waive any defenses, objections, or motions available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or move to compel appraisal pursuant to the parties' contract.

1

51237596.1

above caption and docket number CV 23 985828. *See* Summons and Complaint, attached as **Exhibit A**.[2]

2. Defendants were served on October 3, 2023. *See id.*

3. This Notice of Removal has been timely filed within thirty days of the date of service. *See* 28 U.S.C. § 1446(b).

4. In his Complaint, Fennell alleges that he was involved in "an accident or other damage" while insured by "Liberty[3]." Ex. A, ¶¶ 70, 81. Fennell claims that Liberty determined the accident resulted in a total loss to his vehicle and valued his total loss claim using a CCC One Market Valuation Report (the "CCC Report"). Ex. A, ¶¶ 82, 83. The CCC Report included a "Condition Adjustment" which reduced the value of comparable vehicles, and according to the allegations of the Complaint, reduced the value of Fennell's total loss claim. Ex. A, ¶¶ 86, 87, 89. Fennell alleges the Condition Adjustment violates his insurance policy and Ohio law by undervaluing the actual cash value of his total loss claim. Ex. A, ¶¶ 5, 8, 10, 16, 29, 32. Fennell further alleges that Liberty's insurance contracts do not provide for the use of the Condition Adjustment and Liberty "failed to disclose and intentionally concealed" the Condition Adjustment, thereby violating his insurance policy with Safeco and Ohio law. Ex. A, ¶¶ 29, 30, 33, 39.

5. Fennell's Complaint asserts claims for breach of contract, unjust enrichment, fraud by present intent not to perform, and fraudulent/negligent misrepresentation and omission on

---

[2] Pursuant to 28 U.S.C. §1446(a), **Exhibit A** contains copies of all process, pleadings, and orders served upon Defendants in this matter.

[3] Plaintiff refers to Defendants collectively as "Liberty" or "Defendant" throughout his Complaint. Defendants dispute that Liberty is Plaintiff's insurer on the loss in question. As is evident from Exhibit A to the Complaint, Safeco is the insurance company which issued Plaintiff's policy and used CCC to estimate the value of Fennell's vehicle. *See* Ex. A, ¶¶ 3, 70. For the purposes of this Notice of Removal, Defendants will treat Plaintiff's allegations as true and refer to Liberty and Safeco collectively as "Liberty".

51237596.1

behalf of a purported class of all Ohio residents who (1) were insured by Liberty "under a motor vehicle policy providing Coverage for Damage to Your Auto"; (2) suffered damage to their auto, resulting in a total loss claim; (3) received a payment from Liberty claiming to be the actual cash value of the vehicle; and (4) "the payment was in the amount of the TOTAL on a CCC One® Market Valuation Report, or less applicable deductible, or was the result of any other similar process applying a deduction not provided for in their policy." *See* Ex. A, ¶¶ 93-111, 112-119, 120-123, 124-140; *id* ¶ 43.

6. Fennell seeks to recover the amount of the Condition Adjustment plus compensatory damages, consequential damages, general damages, statutory damages, punitive damages, attorneys' fees, costs, and litigation expenses. *See* Ex. A., ¶¶ 111, 119, 123, 140, Prayer for Relief.

## II.  CAFA'S JURISDICTIONAL REQUIREMENTS ARE SATISFIED.

7. An action may be removed to this Court if it has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The Cuyahoga County Court of Common Pleas is located in the Northern District of Ohio, Eastern Division, *see* 28 U.S.C. § 115(a)(1), and venue for this case is proper in this Court under 28 U.S.C. § 1441(a) because the Northern District of Ohio embraces the place in which the removed action is pending.

8. CAFA vests federal district courts with original jurisdiction over any action that: (a) is a purported class action; (b) satisfies minimal diversity requirements; (c) presents an amount in controversy of at least five million dollars in the aggregate, exclusive of interest and costs; and (d) involves a class of at least 100 members. *See* 28 U.S.C. § 1332(d); *see also Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 282 (6th Cir. 2016).

9. CAFA reflects a "strong preference" to resolve class actions in federal court, and the Sixth Circuit favors removal in such circumstances. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Graiser*, 819 F.3d at 287.

10. This suit satisfies all the requirements under CAFA for federal jurisdiction because (1) this is a putative class action, (2) the class exceeds 100 members, (3) members of the proposed class have a different citizenship from Defendants, and (4) the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

    **A.    This Action is a Putative Class Action.**

11. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This action is a putative "class action" under CAFA because Fennell has invoked Ohio Rule of Civil Procedure Rule 23 which is similar to Rule 23 of the Federal Rules of Civil Procedure. *See* Ex. A, ¶ 43; *Est. of Mikulski v. Centerior Energy Corp.*, 2019-Ohio-983, ¶ 28, 133 N.E.3d 899, 910 (Court of Appeals of Ohio 2019) ("Class certification in Ohio is based upon Rule 23 of the Ohio Rules of Civil Procedure, which is identical to Rule 23 of the Federal Rules of Civil Procedure."). Moreover, Fennell styles his Complaint as a "Class Action Complaint" and asserts claims on behalf of the "class." *See* Ex. A, ¶¶ 93-140 (setting forth class allegations).

    **B.    The Putative Class Exceeds One Hundred Members.**

12. While Fennell is unsure of the exact number of putative class members, he estimates that there are "hundreds of individuals in the Class." Ex. A, ¶ 46.

13. Fennell seeks to represent a class of all Ohio residents who:

> 1) were insured by Defendant under a motor vehicle policy providing Coverage for Damage to Your Auto, or similar;
>
> 2) suffered damage to their auto determined to be a total loss, made a claim to Defendant, and Defendant made payment claimed to be the actual cash value of the vehicle; and
>
> 3) the payment was in the amount of the TOTAL on a CCC One® Market Valuation Report, or less applicable deductible; or was the result of any other similar process applying a deduction not provided for in the Policy.

Ex. A, ¶ 43.

14. Fennell alleges that the class period begins fifteen years before the filing of this Complaint. *See id.* ("The class period is 15 years before the filing of this action, and thereafter."). The class excludes any insured whose payment was made based on an appraisal, Fennell's counsel, officers of the court handling this matter, and Defendants' employees. *Id.*

15. A preliminary review of Defendants' records indicates that there were approximately 16,916 Ohio insureds who received a payment for a total loss vehicle claim. *See* Declaration of Jeffrey Gabriel, attached as **Exhibit B**, ¶ 8. This number easily exceeds the hundred-member minimum set by CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

16. Even if the Court were to estimate the purported class size based on the statute of limitations, the hundred-member minimum is still met. The statute of limitations in Ohio for

breach of contract is six years.[4] *See* R.C. § 2305.06. Defendants conducted a preliminary review of their records applying the six-year statute of limitations, which indicated that there were approximately 12,137 Ohio insureds who received a payment for a total loss vehicle claim. *See* Ex. B, ¶ 9. This number also easily exceeds the hundred-member minimum set by CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.    The Minimal Diversity Requirements of CAFA Exist Here.**

17.    Only minimal diversity is required under CAFA, and as such, CAFA diversity jurisdiction exists if "any member or a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2); *see Adelstein v. Walmart, Inc.*, No. 1:23-cv-00067, 2023 WL 5607457, at *3 (N.D. Ohio Aug. 30, 2023).

18.    For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994); *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). Domicile is established by an intent to remain in a particular state permanently, or at least indefinitely. *Stifel*, 477 F.2d at 1120. Residence and domicile typically coincide, and a plaintiff's listing of his residence creates a rebuttable presumption of domicile. *Mason v. Lockwood, Andrews & Newman, P.C.*, 842 F.3d 383, 390 (6th Cir. 2016) (quoting *D.C. v. Murphy*, 314 U.S. 441, 455 (1941)). Citizenship is

---

[4] Fennell's proposed class spans three iterations of R.C. § 2305.06. On September 28, 2012, R.C. § 2305.06 was amended to reduce the statute of limitations for breach of a written contract to eight years. *U.S. Bank v. Richardson*, 2022-Ohio-4753, ¶¶ 22-23, 203 N.E.3d 1290, 1294 (Court of Appeals of Ohio 2022). Breach of contract claims which accrued on or before September 28, 2012 must have been brought by September 28, 2020, at the latest. *See id* ("[I]f the cause of action accrued prior to September 28, 2012, the statute of limitations is the lesser of 15 years from the date of accrual or eight years from September 28, 2012, which was the effective date of the amendment."). On June 16, 2021, R.C. § 2305.06 was revised again, reducing the statute of limitations for breach of a written contract to six years. *Tabbaa v. Nouraldin*, 2022-Ohio-1172, ¶¶ 18-21, No. 110737, 2022 WL 1043757, at *4 (Court of Appeals of Ohio April 7, 2022). Claims that accrued prior to June 16, 2021 "shall be limited by the limitations period in existence prior to 2021, or six years from the 2021 effective date, whichever occurs first." *See id*. For the purposes of Defendants' CAFA analysis, Defendants apply the six-year statute of limitations even though there may be claims which arguably fall within the eight-year statute of limitations. Accordingly, Defendants' analysis likely underestimates the size of Fennell's proposed class.

determined by the individual's domicile at the time that the lawsuit is filed. *See* 28 U.S.C. § 1332(d)(7); *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) ("It is well-settled that diversity is determined at the time of the filing of a lawsuit.").

19. Plaintiff alleges that he resides in the State of Ohio. Ex. A, ¶ 1. Therefore, Fennell is a citizen of Ohio.

20. For diversity purposes, the citizenship of a corporation is "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). "[P]rincipal place of business" refers to the corporate headquarters where a corporation's high-level officers direct, control, and coordinate its activities on a day-to-day basis, also known as the corporation's "nerve center." *See Allstate Ins. Co. v. Fields*, 381 F. Supp. 2d 671, 674 (N.D. Ohio 2005) (holding that a company that does not conduct the predominance of its business in any single state is a "far-flung" corporation whose principal place of business "will generally be its nerve center") (citations omitted).

21. Liberty Mutual is incorporated in Massachusetts and has its principal place of business in Boston, Massachusetts. Ex. B, ¶ 4. Therefore, Liberty Mutual is a citizen of Massachusetts.

22. Safeco is incorporated in Illinois and has its principal place of business in Boston, Massachusetts. Ex. B, ¶ 5. Therefore, Safeco is a citizen of Illinois and Massachusetts.

23. Since Safeco and Liberty Mutual have citizenship diverse from Fennell, CAFA's minimal diversity requirement is satisfied.

**D. The Amount in Controversy Exceeds $5,000,000 in the Aggregate.**

24. CAFA applies if the amount in controversy exceeds "the sum or value of $5,000,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(d)(2). The claims of the

individual class members can be aggregated to determine whether the matter in controversy exceeds the $5,000,000 threshold. 28 U.S.C. § 1332(d)(6).

25. As the United States Supreme Court has held, a defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart,* 574 U.S. at 89. When "a plaintiff's complaint does not state the amount in controversy, the removal statute requires only a short and plain statement of the grounds for jurisdiction that need not contain evidence." *Tomblin v. GEICO Choice Ins. Co.*, No. 1:21-CV-01741, 2021 WL 5768076, at *2 (N.D. Ohio Dec. 6, 2021). In meeting the jurisdictional threshold, the removing party need only evidence an estimate that more than $5 million will be put at issue during the litigation. *Dart*, 574 U.S. 81 at 84, 87.

26. "Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Naji v. Lincoln*, 665 Fed.App'x 397, 401 n.2 (6th Cir. 2016). A court should also consider attorney's fees, punitive damages, and claims present when the complaint is removed, even if the claims are subsequently dismissed. *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 630 n.5 (6th Cir. 2009) ("[R]easonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction."); *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) ("As a general rule, this jurisdictional analysis must also take into account the ability of Plaintiff and the putative class to recover punitive damages, unless it is apparent to a legal certainty that such cannot be recovered.") (citation omitted); *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); *Miller v. Volkswagen of Am., Inc.*, 889 F.Supp.2d 980, 989 (N.D. Ohio 2021) ("Accordingly, this

Court must determine whether CAFA's jurisdictional amount is satisfied by considering all of Plaintiffs' claims, including time-barred claims that admittedly will be subsequently dismissed.").

27. Fennell contends that the Condition Adjustment made to the comparable vehicles listed in the CCC Report caused his total loss vehicle to be undervalued. Ex. A, ¶ 91. Fennell's Complaint seeks an undefined amount of damages but presumably seeks at least the Condition Adjustment listed in his CCC Report which is $489. *See* CCC Report, attached to Ex. A as Ex. 1, p. 8.

28. Using $489 as the amount being sought for each of the total loss claims Fennell seeks to litigate on behalf of himself and members of the putative class is a conservative estimate of the total damages sought. *See, e.g.*, Ex. A ¶¶ 119, 123 (Plaintiff and the proposed Class Members were "harmed" in the amounts they were "underpaid through deduction of the Condition Adjustment" or "in the amount of the reduction of their payment by the improper deduction."). Assuming *arguendo* that similar damages can be established for the other putative class members and the six-year statute of limitations applies, a fact-finder could conclude that the 12,137 putative class members are entitled to actual or compensatory damages of $5,934,993.[5]

29. Likewise, if the Court considers all potential claims based on the class definition, regardless of whether they are time-barred, then a fact-finder could conclude that the 16,916 putative class members are entitled to actual or compensatory damages of $8,271,924. *See Miller*, 889 F.Supp.2d at 989.

30. In addition to compensatory damages, Fennell also seeks punitive damages and attorney's fees. Ex. A ¶ 123. While the actual or compensatory damages estimate is, at a minimum,

---

[5] Defendants provide this potential damages calculation solely to evaluate the amount in controversy under CAFA. Defendants deny that Fennell, or any potential putative class member, is entitled to recover any amount, and contend that the relief sought in this action is too individualized and not proper for class action treatment.

greater than the amount in controversy requirement for CAFA, the addition of attorney's fees and punitive damages to the calculation further supports federal jurisdiction.

31. A conservative estimate of attorney's fees of 20 percent of the total recovery would easily bring the amount in controversy calculation well above the $5 million threshold. *See Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3 402, 426 (6th Cir. 2012) ("The majority of common fund fee awards fall between 20% and 30% of the fund."); *Manners v. Am. Gen. Life Ins. Co.*, No. CIV.A. 3-98-0266, 1999 WL 33581944, at *29 (M.D. Tenn. Aug. 11, 1999) ("[T]hroughout the Sixth Circuit, attorneys' fees in class actions have ranged from 20%–50%."); *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, No. 1:08-CV-605, 2010 WL 1751995, at *8 (N.D. Ohio Apr. 30, 2010), *aff'd*, 436 Fed.App'x 496 (6th Cir. 2011) (affirming a fee award of 21% in a class action seeking recovery of benefits provided under an auto insurance policy for total loss claims). A 20% award of attorney's fees would add $1,186,998.60 or $1,654,384.80, respectively, to the amount in controversy calculation.

32. Assuming Fennell can recover punitive damages for his fraud claim, a conservative estimate of punitive damages would be 80% of the actual or compensatory damages. This amount should be considered in the amount in controversy calculation. *See Johnson Jr. v. Barton Reconstr. LLC*, No. CV-2022-957920, 2023 WL 6807212 (Ohio Com. Pl. May 19, 2023) (Verdict and Settlement Summary) (awarding punitive damages of two-thirds for fraudulent misrepresentation and disclosure claim); *Dressman a/k/a Lainhart v. Durrani*, JVR No. 2306120011, 2023 WL 3947846 (Ohio Com. Pl. April 17, 2023) (Verdict and Settlement Summary) (awarding punitive damages of 80% of total compensatory damages for fraudulent misrepresentation claim). Eighty percent of $5,934,993 is $4,747,998.40 and 80% of $8,271,924 is $6,617,539.20. Both of these amounts are above the amount in controversy requirement themselves.

33. Based on Fennell's allegations and Defendants' investigation, the CAFA amount in controversy requirement is clearly satisfied by aggregating the compensatory damages stemming from the putative members' claims, punitive damages, and attorney's fees, even if the Court applies Ohio's six-year statute of limitations. Taking into account the above calculations, the total amount in controversy exceeds the jurisdictional amount of $5 million.

### III. CONCLUSION

34. As set forth above, this Court has original jurisdiction under CAFA.

35. A copy of this Notice of Removal is being served upon all known counsel of record as required by law, and a notice of filing this Notice of Removal is being filed with the clerk of the Cuyahoga County Court of Common Pleas, simultaneously with the filing in this Court.

WHEREFORE, Defendants hereby give notice of the removal of this action from the Cuyahoga County Court of Common Pleas to the United States District Court for the Northern District of Ohio.

Respectfully submitted,

/s/ *Kaitlin L. Madigan*
William M. Harter (0072874)
Kaitlin L. Madigan (0087891)
Frost Brown Todd LLP
One Columbus Center
10 West Broad St., Suite 2300
Columbus, OH 43215
kmadigan@fbtlaw.com
wharter@fbtlaw.com

*Attorneys for Defendants*

-and-

James A. Morsch
(*pro hac vice to be filed*)
SAUL EWING LLP

        161 North Clark, Suite 4200
        Chicago, IL 60601
        Jim.morsch@saul.com

        Stephanie L. Denker
        (*pro hac vice to be filed*)
        SAUL EWING LLP
        1270 Avenue of the Americas, Suite 2800
        New York, NY 10020
        Stephanie.Denker@saul.com

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this date on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by regular U.S. Mail, postage prepaid to:

Patrick J. Perotti, Esq.
Frank A. Bartela, Esq.
DWORKEN & BERNSTEIN Co., LPA
60 South Park Place
Painesville, OH 44077
pperotti@dworkenlaw.com
fbartela@dwoerkenlaw.com

James A. DeRoche
GARSON JOHNSON LLC
2900 Detroit Avenue
Van Roy Building 2nd Floor
Cleveland, OH 44113
jderoche@garson.com
*Counsel for Plaintiff and Putative Class*

                                                         */s/ Kaitlin L. Madigan*
                                                        Kaitlin L. Madigan (0087891)

0000T69.0778533 4890-0178-1644v1